**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**


**MICHAEL RAY CLINES,**

      **Petitioner,**

**vs.**                                    **Case No. 3:08cv208-MCR/WCS**

**WALTER McNEIL,**

      **Respondent.**

_____/


**REPORT AND RECOMMENDATION ON MOTION TO DISMISS**

      Petitioner and Respondent have filed responses pursuant to the order of October 15, 2009.  Doc. 28 (incorporated herein by reference).  As explained in the order, the one year deadline for Petitioner to file his 28 U.S.C. § 2254 petition expired on or about June 9, 2008.  The § 2254 petition filed on May 22, 2008 (doc. 1), was timely filed.

      The motion to dismiss, doc. 26, was therefore unpersuasive as to the one year limitations period.  Respondent had also argued, however, that the petition was subject to dismissal as a mixed petition, containing both exhausted and unexhausted claims.  Petitioner asserted in his original filing that entering a stay and abatement was appropriate as to claims currently being pursued in state court, so the court directed

additional argument by the parties on this issue.  Doc. 28, pp. 5-10 (discussing the exhaustion requirement and Petitioner's burden in demonstrating entitlement to a stay and abatement pending exhaustion in state court), *citing, inter alia*, Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005) and Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

Petitioner argues in response that he was aware of grounds two, three and four prior to the deadline for filing his § 2254 petition, but "was abruptly transferred from Liberty C.I. to Close Management (here at Santa Rosa C.I.) and forced by prison officials to leave all his relevant legal materials behind;" including his Rule 3.850 motion which was not printed but stored on a computer at Liberty.  Doc. 32, pp. 1-2 and n. 1.[1]

As more fully set forth in his reply to the motion to dismiss, Petitioner stated:

Petitioner, while perfecting his rule 3.850 motion, with his AEDPA filing deadline, of May 26, 2008, fast approaching, was suddenly on May 8, 2008, placed in confinement at Liberty Correctional Institution and emergency [transferred] the very next day – without his legal materials, including his rule 3.850 motion, which were housed in the Law Library – here to Close Management (CM) here at Santa Rosa Correctional Institution.

Because petitioner knew he wouldn't receive his legal papers, i.e., his rule 3.850 motion, from Liberty C.I. before the May 26, 2008 filing deadline, he got a federal habeas corpus form from the Law Library here at Santa Rosa C.I. and from memory argued the claims in the instant petition on May 20, 2008.

---

[1] Petitioner filed an unsworn response to the order, doc. 29, and was directed to file a sworn copy, but not to resubmit the exhibits.  Doc. 30.  The sworn response, doc. 32, is therefore deemed to incorporate the exhibits to doc. 29.

Doc. 27, p. 3 (referencing Ex. A, other citation omitted).[2]  He claims he "had no other alternative but to file the instant 'mixed petition' to avoid the AEDPA procedural bar for untimeliness."  *Id.*  See also doc. 32, p. 2 (claiming the transfer "forced" Petitioner to file his mixed § 2254 petition to meet the § 2244 deadline in May of 2008).

Petitioner alleged that he "eventually, on or about June of 2009 [sic, probably 2008], receive[d] his legal materials," but not the completed Rule 3.850 motion, from Liberty C.I..  Doc. 32, p. 2.  "Therefore it took petitioner until September 15, 2008 to redo the Rule 3.850 motion," and he "amended the Rule 3.850 motion with a typed version on January 19, 2009."  *Id.* (referencing Ex. A).  *See also* doc. 28, pp. 5-6 (noting these claims).

Respondent argues that, given Petitioner's awareness of the ineffective assistance of counsel claims, which he was able to articulate in the § 2254 petition despite the alleged lack of access to the 3.850 motion, and the approaching deadline, "all Petitioner need have done to avoid expiration of the one-year AEDPA limitations period was to file his 3.850 in the Escambia County Circuit Court."  Doc. 31, p. 11.  As lack of access to the 3.850 motion did not prevent Petitioner from including the claims in his the § 2254 petition, his "transfer would not have prevented him from drafting and properly filing a comparably pled Rule 3.850 post-conviction motion in the state circuit court, thereby tolling the AEDPA statute of limitations."  *Id.*, pp. 11-12 (collecting cases).  Respondent argues, therefore, that there is no good cause for Petitioner's failure to first

---

[2] The exhibit includes copies of a disciplinary charge report and referral for assignment to close management.  Doc. 27, Ex. A.  Petitioner was found in possession of one .22 caliber hollow point ammunition round on May 8, 2008.  *Id.*

exhaust claims in state court.  *Id.*  Respondent also asserts that the unexhausted claims are without merit.  *Id.*, pp. 12-40.

As explained in <u>Rhines</u> and noted in my prior order, it is within the court's discretion to stay proceedings on a timely filed – but mixed – habeas corpus petition. Doc. 28, pp. 7-9 (collecting cases).  As identified in <u>Rhines</u>, the three factors to be considered are whether the petitioner has "good cause" for failing to first exhaust claims in state court, whether the unexhausted claims are "potentially meritorious," and whether the petitioner has "engaged in intentionally dilatory tactics."  *Id.*, p. 7-8, *citing* <u>Thompson v. Sec'y for the Dep't of Corr.</u>, 425 F.3d 1364, 1365-66 (11th Cir. 2005) (summarizing three factors identified in <u>Rhines</u>)[3] (other citation omitted).

Petitioner fails at the first step, for he has not shown good cause for his failure to first exhaust state court remedies.  Indeed, Petitioner did not just fail to exhaust.  He did not even file his initial Rule 3.850 motion until after he filed his federal petition, *and* after the federal one year had expired.  On May 8, 2008, with 18 days to what Petitioner thought was the deadline, and 32 days to the actual deadline of June 9, 2008, his Rule 3.850 motion was still only a draft saved in the computer at the institutional law library. He had not yet attempted to file it in state court.  He had to file it in state court within the one year period of § 2244(d)(2), leaving enough of the one year after the tolling period ended (*i.e.*, after the state motion was no longer "pending") in which to file his § 2254

---

[3] The case had been remanded to the Eleventh Circuit for further consideration in light of <u>Rhines</u>, and in turn was remanded to the district court to reconsider in light of <u>Rhines</u>.  *Id.*  On remand, the petitioner there elected to dismiss unexhausted claims. <u>Thompson v. Sec'y for the Dep't of Corr.</u>, 517 F.3d 1279, 1281 (11th Cir. 2008) (appeal after remand), *cert. denied,* 129 S.Ct. 1299 (2009).

petition. *See* <u>Tinker v. Moore</u>, 255 F.3d 1331, 1335, n. 4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("remind[ing] petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period.").  No reason is given for any delay in filing the Rule 3.850 motion before the unexpected transfer based upon Petitioner's conduct of May 8, 2008.

Moreover, without access to legal papers following transfer, Petitioner knew of and was able to allege three ineffective assistance of counsel claims in the § 2254 petition filed on May 20, 2008.  He included relevant dates and case numbers on the form petition.  Doc. 1, pp. 1-3.  Petitioner also submitted a letter to this court's clerk at that time explaining his recent transfer and consequent inability to provide his six month inmate account statement (to support the motion to proceed in forma pauperis) or provide service copies of the § 2254 petition.  Doc. 3 (letter, further stating he would comply with these requirements as soon as he was able).

If at that time Petitioner had submitted his claims in a Rule 3.850 motion (with an explanatory letter, if he thought it necessary), the pendency of the state court motion would have tolled the one year period under § 2244(d)(2).[4]  Petitioner's time would still be tolled by operation of § 2244(d)(2), and (assuming the Rule 3.850 motion is denied and denial ultimately affirmed on appeal) would remain pending until issuance of the mandate.  Instead, Petitioner filed the § 2254 petition raising claims not yet exhausted or even submitted to the state court.  The § 2254 petition did not toll the time under §

---

[4] Indeed, given that properly filed state postconviction proceedings are expressly excluded from the one year period, it is hard to imagine how a federal petitioner could show good cause for failing even to initiate postconviction review in state court before filing a § 2254 petition.

2244(d)(2). *Cf.* Duncan v. Walker, 533 U.S. at 175-76, 181, 121 S.Ct. 2120, 150 L.Ed.2d 251 (construing the § 2244(d)(2), holding the time is not tolled by the pendency of federal, as opposed to State, post-conviction or collateral review proceedings). Petitioner's Rule 3.850 motion was filed after the federal one year had expired, when there was no time left to toll. Petitioner has not shown good cause for his failure to exhaust state remedies, or even file his motion in state court, before filing his § 2254 petition.

Since this court should not exercise its discretion to order stay and abeyance of the petition under the circumstances presented here, Petitioner should be allowed "to delete the unexhausted claims and proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." 425 F.3d at 1366 (*quoting* Rhines); *see also* Burton v. Steward, 549 U.S. 147, 153-155, 127 S.Ct. 793, 797-798, 166 L.Ed.2d 628 (2007) (citing Rose, Rhines, other citations omitted) (explaining that the petitioner could withdraw a mixed petition to exhaust remaining claims, or proceed only with exhausted claims). If Petitioner Clines proceeds by filing an amended petition raising only the exhausted claim raised in his current (timely) petition, then he will be barred from seeking § 2254 relief on the dismissed claims (after exhausted in state court) by the limitations on second or successive § 2254 petitions. *Id.* If the whole petition is voluntarily dismissed, a subsequent petition will not be considered second or successive, but it will be untimely as set forth above.

It is therefore respectfully **RECOMMENDED** that the motion to dismiss (doc. 26)

be **GRANTED**, and Petitioner directed to file, within 20 days of entry of the order

adopting this recommendation, an amended § 2254 petition raising only his exhausted

claim or, alternatively, a notice of voluntary dismissal of all claims.

**IN CHAMBERS** at Tallahassee, Florida, on January 25, 2010.


  S/      William C. Sherrill, Jr.         
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**