IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICHAEL RAY CLINES,

    Petitioner,

vs.                            Case No. 3:08cv208-MCR/WCS

WALTER McNEIL,

    Respondent.

                            /

## REPORT AND RECOMMENDATION ON MOTION TO DISMISS

This case was initiated by the fifing of a 28 U.S.C. § 2254 petition over two years ago. Doc. 1 (mailed by Petitioner on May 20, 2008). Respondent filed a motion to dismiss and Petitioner filed a reply. Docs. 26 and 27. Additional argument and exhibits were filed. *See* docs. 28-32.

I recommended dismissal of the petition, without prejudice to the filing of an amended petition raising only the exhausted claim, as required by Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), rejecting Petitioner's request for a stay and abatement under Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Doc. 28 (order), pp. 6-9 (discussing Rose and Rhines, other citations

omitted), adopted and incorporated by reference in doc. 33, pp. 1-6 (also discussing those cases).

Petitioner had already submitted an amended petition, doc. 35, when the recommendation was adopted. Doc. 36.

A response to the amended petition was then required. Doc. 37. Respondent filed the now pending motion to dismiss supported by Exhibits Q, R, and Z. Docs. 40 and 40-1 (the exhibits as scanned in ECF) (electronic case filing). Although Petitioner was given the opportunity to reply, doc. 37, no reply was filed.

Petitioner was resentenced in state court quite recently, after the amended petition was filed. Doc. 40, p. 2; Exs. R (order of January 27, 2010) and Z (judgment of April 8, 2010) (doc. 40-1, pp. 21-47 in ECF). Respondent argues that Petitioner is now in custody pursuant to the new judgment, rather than the judgment challenged here. Doc. 40, pp. 3-4, *citing* Burton v. Stewart, 549 U.S. 147, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007). Respondent asserts that Petitioner's appeal of the resentencing remains pending so the judgment is not final, and "any potential issue arising from this April 8, 2010 resentencing on which Petitioner may seek relief by § 2254 petition is unexhausted." *Id.*, p. 4.

In Burton v. Stewart, the petitioner was sentenced in 1994, and resentenced in March of 1998. He filed a § 2254 petition in December of 1998, challenging the 1994 conviction. 549 U.S. at 149-151, 127 S.Ct. at 794-795. The petitioner pursued state court remedies as to resentencing while the § 2254 was pending. Id. In 2002, after exhausting state remedies as to the 1998 resentencing, Burton filed a § 2254 petition challenging only the 1998 sentence, not the 1994 conviction. *Id.*, p. 796. The Court

found this was an unauthorized second or successive petition over which the district court lacked jurisdiction. *Id.* The Ninth Circuit's reasoning, that it was not successive because claims regarding the 1998 resentencing were not ripe for § 2254 review when the initial § 2254 petition was filed, was deemed inconsistent with the procedure for mixed petitions prescribed by Rose v. Lundy. 549 U.S. at 153-154, 127 S.Ct. at 797.

The Court discussed the one year time limit in rejecting Petitioner Burton's argument that, had he not filed a § 2254 petition attacking the conviction until remedies were exhausted regarding the resentencing, his challenges to the underlying conviction would have been time barred. 549 U.S. at 156, 127 S.Ct. at 798. The Court said:

> [T]his argument misreads AEDPA, which states that the limitations period applicable to "a person in custody pursuant to the judgment of a State court" shall run from, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(a). "Final judgment in a criminal case means sentence. The sentence is the judgment." *Berman v. United States,* 302 U.S. 211, 212, 58 S.Ct. 164, 82 L.Ed. 204 (1937). Accordingly, Burton's limitations period did not begin until both his conviction *and* sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" – which occurred well *after* Burton filed his 1998 petition.

549 U.S. at 156-157, 127 S.Ct. at 798-799 (emphasis in original).

The Court rejecting Burton's argument that the district court must therefore have lacked jurisdiction to consider his 1998 petition, because at the time he filed it, he "assuredly was 'in custody pursuant to the judgment of a State court' – *even if, at that point, the 1998 judgment was not yet final for purposes of triggering AEDPA's statute of limitations.*" *Id.*, at 157, 127 S.Ct. at 799 (emphasis added).

Petitioner Clines was not yet in custody of the 2010 resentencing judgment at the time he filed his initial or amended petitions in this case. Even so, dismissal without

adjudication of any claims (and therefore without prejudice) is appropriate. He may then bring all his claims – pertaining to the conviction and resentencing – in one § 2254 petition. *See also* Ferreira v. Secretary, Dept. of Corrections, 494 F.3d 1286, 1292 (11th Cir. 2007), *cert. denied,* 129 S.Ct. 1033 (2009) (under Burton, "the judgment to which AEDPA refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention. 28 U.S.C. § 2254(a).")[1].

> *Burton* makes clear that the writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner. Therefore, AEDPA's statute of limitations *begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final* because judgment is based on both the conviction and the sentence.

*Id.*, at 1293 (emphasis added).

Aside from judicial efficiency, it is advantageous to Petitioner Clines that his petition be dismissed at this time. As clarified in Ferreira, his one year period will begin anew, even as to the underlying conviction, when the judgment of resentencing

---

[1] "The Court [in Burton] implies that if, in 1996 while incarcerated pursuant to the 1996 judgment, Burton had challenged his custody by only bringing claims concerning his 1994 conviction, his second habeas petition would not have been successive because it challenged his custody under a different judgment, the 1998 judgment, based on the 1994 conviction and 1998 sentence." 494 F.3d at 1292. This may be correct; however in this case Petitioner Clines was resentenced after the petition was filed but before any § 2254 claim was addressed on the merits. It would therefore seem inconsistent with the AEDPA's intent of avoiding piecemeal litigation to adjudicate the current claims now (since the application was filed before resentencing) and allow a later § 2254 petition raising resentencing claims. *See* Burton, 549 U.S. 154, 127 S.Ct. at 797 (to "allow prisoners to file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed" would be inconsistent with the goals of reducing piecemeal litigation and of streamlining habeas proceedings) (citations omitted).

becomes final.  My prior analysis regarding timeliness, and whether Petitioner's claims were unexhausted at the time this petition was filed, will not necessarily apply to a future § 2254 petition filed after the resentencing judgment is final.

After the judgment becomes final by the expiration of direct review or the time for seeking direct review, Petitioner will have one year (subject to tolling under § 2244(d)(2)) in which to file a § 2254 petition.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 40) be **GRANTED**, and the amended § 2254 petition (doc. 35) be **DISMISSED WITHOUT PREJUDICE** in light of Petitioner's resentencing on April 8, 2010.

**IN CHAMBERS** at Tallahassee, Florida, on August 12, 2010.

         s/ William C. Sherrill, Jr.
         **WILLIAM C. SHERRILL, JR.**
         **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**